[PHILADELPHIA, FEBRUARY 13th, 1837.]

## The PHILADELPHIA, GERMANTOWN and NORRISTOWN RAIL-ROAD COMPANY *against* JOHNSON.

### IN ERROR.

Under the act of the 8th of February 1834, supplementary to the act to incorporate the Philadelphia, Germantown and Norristown Rail-road Company, one who obtains an award for damages, is not entitled to the costs of his witnesses examined before the jury, appointed to assess the damages.

WRIT of error to the Court of Common Pleas for the City and County of Philadelphia.

(Rail-road Co. *v.* Johnson.)

By an act of the legislature of Pennsylvania passed on the 8th day of February 1834, entitled " An act supplementary to an act entitled " An act to incorporate the Philadelphia, Germantown and Norristown Rail-road Company," the company were authorised to alter, in certain respects, the course of the road as directed by the act of 1831. The 4th section of the supplementary act provided, that in cases where land had been ceded to the company on the former line, and the amount of damages arising from the diversion of the route of the road, should not be settled by the agreement of the parties, it should be lawful for the Court of Common Pleas of the county, on the application of the person aggrieved, to appoint five persons to estimate the additional damages sustained thereby; and it was further declared, that the award of the said five men should " be entered in the prothonotary's office in the said county, and have the immediate effect of a judgment against the said company; and the *cost* and expenses of the said jury shall be paid by the said company, and the award of the jury shall be final."

On the 10th of January 1835, on the application of Johnson, under this act, the Court of Common Pleas for the City and County of Philadelphia appointed five men to estimate the damages sustained by him, &c.

On the 11th of June 1835, a report was filed by them awarding to Johnson $150.

On the 17th of September 1836, the Court of Common Pleas ordered the company to pay the costs of the petitioner's witnesses on the hearings before the five men; and entered judgment accordingly.

A writ of error was taken by the company: And now Mr. *Miles,* for the plaintiff in error, contended that the order on the 17th of September 1836 was erroneous. He argued that costs being entirely of statutory origin, could not be given by the Court, unless they were so authorised. 2 *Inst.* 288. *Hullock's Law of Costs.* Here it was intended by the legislature, that the costs should be included in the damages. The word *cost* in the singular, means the expense of the jurymen. The fee-bill, which gives a certain compensation to witnesses, is confined to suits in court and before magistrates. There is no power given to administer an oath to witnesses; nor is any method pointed out by the act for collecting the costs from the company.

Mr. *Jack,* for the defendant in error.—The act says, that the award shall have the effect of a judgment; and this implies that costs are to be recovered. Witnesses are necessary to inform these appraisers as well as ordinary juries. There are many cases in

(Rail-road Co. v. Johnson.)

which the costs of witnesses are allowed, though not provided for by statutes or acts of assembly.

PER CURIAM.—By the terms of the act of incorporation the defendant is to pay the expense of the jury without regard to the event. Nothing is said of the costs of witnesses, because it was not intended that there should be witnesses. The jury are to judge for themselves on view of the premises, and not by the opinions of witnesses; who could testify to no more than is apparent to the senses of the viewers. Beside it would give an unreasonable advantage to the petitioner, were he at liberty to swell the costs at pleasure by a cloud of immaterial witnesses, and without a correspondent risk to himself. The order was therefore erroneous.

Judgment reversed for the costs of the petitioner's witnesses, and affirmed for the residue.